```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS

LAWRENCE WATSON,               )
          Plaintiff,           )
                               )  C.A. No. 04-11080-RGS
     v.                        )
                               )
ELAINE MORIARTY, et al.,       )
          Defendants.          )
```

MEMORANDUM

The instant action is one of four actions recently filed[1] by pro se plaintiff Lawrence Watson seeking to obtain from this Court relief that was apparently denied him in state court. For the reasons set forth below, plaintiff is advised that his complaint is subject to dismissal unless plaintiff demonstrates good cause why his complaint should not be dismissed.

REVIEW

Because plaintiff has moved to file without prepayment of fees, a summons has not issued in order to allow a preliminary review of plaintiff's complaint to see that it satisfies the requirements of the federal in forma pauperis statute, 28 U.S.C. § 1915.

Section 1915 of Title 28 authorizes federal courts to

---

[1] Watson v. Dorchester District Court, et al., C.A. No. 03-12585-RGS; Watson v. Dorchester District Court, et al., C.A. No. 03-12586-RGS; and Watson v. Miller, et al., C.A. No. 04-11079-RGS.

1

dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

An in forma pauperis complaint may be dismissed sua sponte and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Even construing plaintiff's complaint generously, Haines v. Kerner, 404 U.S. 519, 520-521, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), plaintiff's complaint is subject to dismissal for the reasons stated below.

## BACKGROUND

Plaintiff brings this civil rights action against a Massachusetts state court judge and the Commonwealth seeking equitable and monetary relief. See Complaint ("Compl."). Plaintiff alleges that he has been subject to discriminatory treatment during state court proceedings held before Judge Moriarty between March 2003 through May 2004. Id.

Plaintiff's complaint consists primarily of a recounting of events surrounding his separation from the mother of his daughter and the subsequent litigation in state court concerning visitation, child custody, child support payments and loss of property.  Id. at ¶¶ 1-55.  Plaintiff states that he has complained about Judge Moriarty's alleged conduct to the Administrative Office of the Probate Courts for the Commonwealth; the Department of Probation; and the Commission on Judicial Conduct.  Id. at ¶¶ 57-59.

## DISCUSSION

A constitutionally cognizable claim under 42 U.S.C. § 1983 must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

A.   Rooker-Feldman Doctrine

To the extent plaintiff seeks to have this court review the actions, or inactions, of the Dorchester District Court, federal district courts, as courts of original jurisdiction, may not review the final determinations of a state court.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S.

413, 415-16 (1923) (district courts may not exercise appellate jurisdiction over state courts). It appears from plaintiff's complaint that he seeks to assert claims he has already attempted to present to the Massachusetts state courts. This Court may not entertain claims which have already been litigated and may not review the civil judgments of state courts. See Hill v. Town of Conway, 193 F.3d 33, 39 (1st Cir. 1999).

B. Judicial Immunity

The Supreme Court has conclusively granted absolute immunity to judges from damage liability for acts of a judicial nature. Forrester v. White, 484 U.S. 219, 227-229, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988); see also Stump v. Sparkman, 435 U.S. 349, 355-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978). Judicial immunity applies to actions brought under 42 U.S.C. § 1983 for acts committed within the scope of judicial duties, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump, 435 U.S. at 356. "[A] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Id. at 356-37; see

also Forrester, 484 U.S. at 227 (a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive").

In this case, the claims against the judicial defendants are based on acts performed in their capacity as presiding judges over proceedings in state court. There are no facts alleged in the complaint to indicate that these defendants acted in clear absence of jurisdiction.

Moreover, a Section 1983 due process claim is not actionable against state judges acting purely in their adjudicative capacities because they are not proper parties in a Section 1983 action challenging the constitutionality of a state statute. Nollet v. Justices of Trial Court of Comm. of Mass., 83 F. Supp. 2d 204, 210-111 (D. Mass. 2000) (noting that while in the past, judges were not immune from injunctive or declaratory relief, plaintiffs could not seek injunctive relief when they failed to show declaratory relief was unavailable). Therefore, plaintiff's claims against the judicial defendants are subject to dismissal.

   C.   Eleventh Amendment

To the extent plaintiff seeks to assert a civil rights claim against the Commonwealth of Massachusetts, such a claim is subject to dismissal. It is well-established that a state

is not amenable to suit under 42 U.S.C. § 1983 because a state is not a "person" within the meaning of that statute. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). The Commonwealth is immune from federal suit under the Eleventh Amendment to the United States Constitution. See Will v. Michigan Department of State Police, 491 U.S. 58, 66 (1989); Forte v. Sullivan, 935 F.2d 1 n. 2 (1st Cir. 1991). Therefore, plaintiff's claim against the Commonwealth is subject to dismissal.

    D.    Younger Abstention

This action is also subject to dismissal pursuant to Younger v. Harris, 401 U.S. 37 (1971) based on the pending state court proceedings involving plaintiff. The federal courts have long recognized the "fundamental policy against federal interference with state criminal proceedings." Younger v. Harris, 401 U.S. 37, 46 (1971); In re Justices of the Superior Court, 218 F.3d 11, 16 (1st Cir. 2000).[2]

A federal court must abstain from reaching the merits of a case over which it has jurisdiction so long as there is (1) an ongoing state judicial proceeding, instituted prior to the federal proceeding

---

[2] Younger's application has since been expanded to civil proceedings. See, e.g., Huffman v. Pursue, Ltd., 420 U.S. 592, 594 (1975) (nuisance); Moore v. Sims, 442 U.S. 415, 423-426 (1979) (attempt by state to obtain child custody).

(or, at least, instituted prior to any substantial progress in the federal proceeding), that (2) implicates an important state interest, and (3) provides an adequate opportunity for the plaintiff to raise the claims advanced in his federal lawsuit.  See Brooks v. New Hampshire Supreme Court, 80 F.3d 633 (1st Cir. 1996) citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).

Here, plaintiff's request to interfere with state court proceedings clearly implicates Younger abstention.  All three requirements for abstention appear to be satisfied in this case.  Although a plaintiff may secure relief in the federal courts by demonstrating "bad faith, harassment, or any other unusual circumstance that would call for equitable relief," see Bettencourt v. Board of Registration in Medicine, 904 F.2d 772, 779 (1st Cir. 1990) citing Younger, 401 U.S. at 54, the allegations in plaintiff's complaint do not support the application of any these exceptions here.

## CONCLUSION

Based upon the foregoing, plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief may be granted and will be dismissed pursuant to 28 U.S.C. § 1915(e) without further notice after thirty-five (35) days from the date of the accompanying Order, unless before

that time plaintiff shows good cause, in writing, why his complaint should not be dismissed for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>8th</u> day of <u>July</u>, 2004

                                 <u>/s/ Richard G. Stearns</u>
                                 RICHARD G. STEARNS
                                 UNITED STATES DISTRICT JUDGE